IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-31402
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CEMUEL HENDERSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CR-39-ALL-K
--------------------
September 14, 2000

Before JOLLY, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Cemuel Henderson challenges the sentence he received following his guilty-plea conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). He argues that the district court erred in imposing a four-level increase, pursuant to U.S.S.G. § 2K2.1(b)(5), for possessing the firearm in connection with another felony offense, possession of drugs, because his possession of the gun was merely incidental to his possession of the drugs. Henderson does not renew his argument that the Supreme Court's decision in Bailey v. United

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*States*, 516 U.S. 127 (1995), should be interpreted to mean that the "mere proximity" of drugs and weapons is insufficient to establish a relationship between the two under § 2K2.1(b)(5), and the argument is therefore waived. See *id.* at 6-9; see also *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993)(arguments not briefed on appeal are deemed abandoned); Fed. R. App. P. 28(a)(9).

The district court did not err in applying the four-point enhancement in the instant case because the gun Henderson possessed was found in close physical proximity to the drugs he possessed and was readily available to him to protect his drug possession. The gun was thus possessed "in connection with" Henderson's felony drug possession within the meaning of § 2K2.1(b)(5). See *United States v. Condren*, 18 F.3d 1190, 1199-2000 (5th Cir. 1994). Henderson's attempts to distinguish *Condren* are without merit, and his argument that this court should reject *Condren* in favor of the Ninth Circuit's more stringent approach is unavailing. See *Hogue v. Johnson*, 131 F.3d 466, 491 (5th Cir. 1997).

AFFIRMED.